**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH LYNNE BERRY, | ) 1:09cv00628 LJO DLB |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION |
| | ) REGARDING DISMISSAL OF ACTION |
| v. | ) |
| VILLAGE GARDENS OWNERS ASSOCIATION, et al., | ) |
| | ) |
| Defendants. | ) |

Plaintiff Judith Lynne Berry ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant civil rights complaint on April 8, 2009. She names the Village Gardens Owners Association, Leland Erickson, I & I Property Management, the Fresno County Sheriff's Department and the Fresno Police Department as Defendants and alleges causes of action under 42 U.S.C. § 1983 and state law. For the reasons stated below, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.

**DISCUSSION**

A. <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

1

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Allegations

Plaintiff's allegations arise out of her ownership of a home in the Village Gardens development in Fresno, California. Plaintiff explains that she purchased the home in September 2002 and soon after, a dispute arose regarding ownership of an adjacent parcel. She alleges that in June 2004 and in 2005, Defendants conspired, without probable cause, to have her involuntarily confined to a mental health hospital. She was taken to the facility and involuntarily medicated, but released after a finding of no probable cause. Plaintiff further alleges that in 2005, she was attacked in her home and her nose was broken.

On April 11, 2006, Plaintiff alleges that Defendants conspired to have her arrested. On that day, Defendant Erickson signed a "citizen's arrest warrant" and she was arrested and transported to jail. The charges were eventually dismissed in October 2007.

Based on these allegations, Plaintiff alleges causes of action under 42 U.S.C. § 1983 for (1) deprivation of freedom, and (2) malicious prosecution. She also alleges state law causes of action for false arrest, assault, battery, intentional infliction of emotional distress, libel, slander, fraud and harassment.

Plaintiff requests compensatory and punitive damages.

C. Analysis

The basis of this Court's jurisdiction is 42 U.S.C. § 1983, which provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Therefore, to state a claim under section 1983, Plaintiff must show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007).

1. *Defendants Village Gardens Owners Association, Leland Erickson and I & I Property Management*

To act under color of state law, a defendant must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (internal citations omitted). If defendant's conduct satisfies the state action requirement of the Fourteenth Amendment, "that conduct [is] also action under color of state law and will support a suit under § 1983 ." Id. In such circumstances, defendant's alleged infringement of a plaintiff's federal rights is "fairly attributable to the State." Id.

To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor. Id.; see also American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). It is firmly established that a defendant in a section 1983 suit acts under color of state law when he abuses the position given to him by the State. West, 487 U.S. at 49. Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. Id.

Defendants Village Gardens Owners Association, Leland Erickson and I & I Property Management are not, however, public actors. Rather, Defendant Erickson appears to be a private citizen, and Village Garden Owners Association and I & I Property appear to be private business entities. Although generally inapplicable to private parties, a section 1983 claim can lie against a private party when, as relevant here, "he is a willful participant in joint action with the State or its agents." Peng v. Mei Chin Penghu, 335 F.3d 970, 980 (9th Cir. 2003) (citing Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir.2003)). A private party is liable under this theory, however, only if its particular actions are "inextricably intertwined" with those of the government. Brunette v.

Humane Society of Ventura County, 294 F.3d 1205, 1212 (9th Cir. 2002) (citing Mathis v. Pac. Gas & Elec. Co., 75 F.3d 498, 503 (9th Cir.1996)); Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir.1989) (necessitating a showing of "substantial cooperation" between the private party and the State).

As to Defendant Leland, Plaintiff alleges that he violated section 1983 by signing a "citizens arrest warrant." She was then arrested, searched and booked by the Fresno Sheriff's Department. Defendant Leland's only action, then, was his involvement in the citizen's arrest. Such involvement does not convert Leland's conduct into state action. The fact that a private party complains to the police, files a complaint with the police, executes a sworn affidavit that forms the basis of an arrest, or asks that an individual be arrested, does not convert the private party's acts into those of the state. Collins, 878 F.2d at 1155; see Peng, 335F.3d at 980.

In fact, in Lee v. Town of Estes Park, 820 F.2d 1112, 1114-1115 (10th Cir.1987), the court specifically held that a private party who effected a citizen's arrest, transported the arrested party to the police station, tried to persuade the police to file charges, and swore out a complaint against the arrested party, was not a state actor. The court explained that the private party's conduct did not constitute joint action because there was no indication of any "prearrangement" between the private party and the public officers. Id. at 1114-1115. Instead, the private party did "nothing more than report what he deemed to be criminal activity to the proper authorities." Id. at 1115. Under this case law, Defendant Leland's actions cannot be considered state action for purposes of section 1983.

In naming Defendants Village Gardens Owners Association and I & I Property management, Plaintiff does not make any specific allegations against them and therefore fails to suggest how their actions could be considered state action for section 1983 purposes. Instead, Plaintiff often refers to a general conspiracy between all Defendants.

A conspiracy between the State and a private party to violate another's constitutional rights may satisfy the joint action test. Brunette, 294 F.3d at 1212. A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel

4

Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to Plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Plaintiff's complaint does not meet this standard. She offers nothing but conclusory allegations of a "conspiracy," without explanation or factual support. In fact, other than her use of the word "conspiracy" and phrase "acted in concert," Plaintiff does not suggest that any of the Defendants acted together. While the Fresno County Sheriff's Department and Fresno Police Department are state actors, she does not allege that they had any interactions with the private Defendants, either before or after her commitments and/or arrest.

For the reasons discussed at the end of these Findings and Recommendation, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.

2. *Defendants Fresno County Sheriff's Department and Fresno Police Department*

Plaintiff's allegations against the Fresno County Sheriff's Department and Fresno Police Department appear to consist of only the general conspiracy claim, i.e., all Defendants "conspired" to violate her civil rights. Plaintiff explains that the Fresno County Sheriff's

5

1 Department handcuffed and transported her numerous times. There are no clear, specific factual
2 allegations against the Fresno Police Department.
3 In any event, a local government unit may not be held responsible for the acts of its
4 employees under a respondeat superior theory of liability. Monell v. Department of Social
5 Services, 436 U.S. 658, 691 (1978); Harper v. City of Los Angeles, 533 F.3d 1010, 1024-25 (9th
6 Cir. 2008) (a section 1983 municipal liability claim lies only if a municipality causes a
7 constitutional violation through a policy or custom); Webb v. Sloan, 330 F.3d 1158, 1163-64
8 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a
9 local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290
10 F.3d at 1185.
11 Generally, a claim against a local government unit for municipal or county liability
12 requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force'
13 behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652,
14 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively,
15 and more difficult to prove, municipal liability may be imposed where the local government
16 unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this
17 route to municipal liability, the "plaintiff must show that the municipality's deliberate
18 indifference led to its omission and that the omission caused the employee to commit the
19 constitutional violation." Id. Deliberate indifference requires a showing "that the municipality
20 was on actual or constructive notice that its omissions would likely result in a constitutional
21 violation." Id.
22 Plaintiff makes no such allegations in her complaint.
23     3. *Malicious Prosecution*
24 As one of her claims under section 1983, Plaintiff purports to allege "malicious
25 prosecution." The claim does not set forth specific factual support and instead incorporates by
26 reference the prior paragraphs of her complaint. In the beginning of her complaint, Plaintiff
27 alleges that she was arrested in April 2006, though the charges were dropped in October 2007.
28 In order to prevail on a claim of malicious prosecution under section 1983, a plaintiff

must show the defendants prosecuted her: (1) with malice; (2) without probable cause; and (3) "for the purpose of denying [her] equal protection or another specific constitutional right." See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir.2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995)). A plaintiff must also establish that there was a termination of the underlying proceedings "in such a manner as to indicate his innocence." See Awabdy, 368 F.3d at 1068. This element of a malicious prosecution claim is sometimes referred to as the "favorable termination requirement." See id. Under California law, to satisfy the favorable termination requirement, it is not sufficient to merely show that the underlying proceeding was dismissed. As the California Supreme Court explained in Jaffe v. Stone, 18 Cal.2d 146 (1941), if the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with guilt, it does not constitute a favorable termination. Malicious prosecution claims may be brought against any person who has "wrongfully caused the charges to be filed." Id. (citing Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126-27 (9th Cir.2002)).

Here, Plaintiff attempts to state a section 1983 malicious prosecution claim against Defendants who, as explained above, are either (1) not acting under color of state law; or (2) cannot be held liable absent allegations that the constitutional violation was the result of a policy or custom. For these reasons, she cannot state a malicious prosecution claim against Defendants.

Additionally, although Plaintiff states that the charges were "dismissed," it is not clear whether the dismissal constitutes a favorable determination.

4. *Supplemental Jurisdiction*

Jurisdiction in this action is based on Plaintiff's claims under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to

exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Here, the Court has determined that Plaintiff has not stated a claim under 42 U.S.C. § 1983. Accordingly, the Court will not exercise supplemental jurisdiction over her state law claims.

D.  Dismissal Without Leave to Amend

If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Here, Plaintiff has set forth her claims with enough detail to allow the Court to determine that she cannot state a claim under 42 U.S.C. § 1983, and that any amendment would likely conflict with the facts in her complaint.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These Findings and Recommendation are submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 22, 2009**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE